# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

CHRIS WASHINGTON-EL,

    Plaintiff

v.

ROBERT COLLINS, et al.,

    Defendants

: CIVIL ACTION NO. 3:12-CV-1979
:
: (Judge Nealon)
: (Magistrate Judge Carlson)

FILED
SCRANTON
AUG 2 0 2013

PER _____ DEPUTY CLERK

## MEMORANDUM

On October 3, 2012, Plaintiff, Chris Washington-El, an inmate currently confined at the State Correctional Institution in Huntingdon, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). On October 17, 2012, he filed an amended complaint against eleven (11) employees of the Frackville State Correctional Institution ("SCI-Frackville"), where he was previously incarcerated. (Doc. 7). Plaintiff alleges that while he was imprisoned at SCI-Frackville he was retaliated against for filing grievances, he was housed in solitary confinement in violation of the Eighth and Fourteenth Amendment, and he was denied his right to the free exercise of religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq. (Id.). On February 4, 2013, Defendants filed a motion to dismiss. (Doc. 18). On July 29, 2013, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that all claims pre-dating October 2010 be dismissed as barred by the statute of limitations and that the motion to dismiss be denied in all other respects. (Doc. 31). No objections have been filed, and for the reasons set forth below, the R&R will be adopted in part.

**R&R- Findings and Recommendations**

In the R&R, Magistrate Judge Carlson concludes that Plaintiff has adequately pled his claims, but that certain allegations fall beyond the two-year statute of limitations and are therefore time-barred. (Doc. 31, pp. 5-6), citing Wilson v. Garcia, 471 U.S. 261, 266-80 (1985) (holding that claims brought pursuant to 42 U.S.C. § 1983 "are best characterized as personal injury actions" and governed by the state's statute of limitations for such action); 42 Pa. C.S. § 5524 (setting forth a two-year period of limitations for personal injury cases in Pennsylvania). The R&R analyzes the continuing violations doctrine, explaining that under this doctrine, "'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period.'" (Doc. 31, p. 7) (quoting Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001)). The Magistrate Judge rejects Plaintiff's argument that he should receive the tolling benefit of this doctrine, finding that any violation of Plaintiff's constitutional rights in the events prior to October 2010, were known to Plaintiff when they first occurred and "plainly had the degree of significance and permanence which should have triggered the plaintiff's awareness of his duty to assert his rights." (Id. at pp. 8-9) (citing Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998)). The Magistrate Judge therefore recommends that all claims pre-dating October 2010 be dismissed.

The R&R then addresses each of Plaintiff's claims. First, Magistrate Judge Carlson reasons that Plaintiff's allegations that he has been held in restrictive custody for many years without any meaningful due process is sufficient to state a claim at this stage of the proceedings. (Doc. 31, pp. 9-10) (quoting Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000)). Next, the Magistrate Judge decides that Plaintiff's allegations of an Eighth Amendment conditions of

confinement claim are sufficient because they relate to the alleged denial of services for many months and years. (Doc. 31, pp. 10-12) (distinguishing the instant complaint from cases that allege only isolated instances of the denial of basic amenities). Finally, Magistrate Judge Carlson finds factual disputes regarding the nature of the deprivations and Defendants' motivations so as to preclude dismissal of the First Amendment RLUIPA and retaliation claims at this time. (Id. at p. 12). The Magistrate Judge determines that the complaint sufficiently states a claim and that Defendants' challenges invite the Court to consider matters outside the pleadings, which is improper at this stage. (Id.). The R&R recommends that the motion to dismiss be granted as to the claims pre-dating October 2010 and denied in all other respects. (Id. at p. 13).

**Standards of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating, "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. §

636(b)(1)(C); M.D. Pa. L. R. 72.3.

In the R&R, Magistrate Judge Carlson thoroughly discusses the standard of review for a motion to dismiss. See (Doc. 31, pp. 2-5). This Court will adopt the standard of review as outlined by the Magistrate Judge.

**Discussion**

After review and in the absence of objections, this Court finds no clear error in the Magistrate Judge's findings regarding the sufficiency of Plaintiff's claims or in his conclusion that the continuing violation doctrine would not allow for equitable tolling. However, this Court disagrees that all claims pre-dating October 2010 may be dismissed at this time.

"A statute of limitations defense may be raised through a 12(b)(6) motion only if it is clear from the face of the complaint that the action is time barred." Kirk v. Varano, 2013 U.S. Dist. LEXIS 73045, *13 (M.D. Pa. 2013) (Rambo, J.) (citing Benak v. Alliance Capital Mgmt., L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006)). "The Third Circuit Court of Appeals, in non-precedential decisions, has noted that it may be appropriate to toll the statute of limitations during the period in which a prisoner pursues administrative remedies."[1] Thomas v. Palakovich, 2012 U.S. Dist. LEXIS 45011, *11 (M.D. Pa. 2012) (Caputo, J.) (citing Davila v. Sheriff's Dep't, 413 Fed. App'x 498, 502 (3d Cir. 2011)). Accordingly, where the complaint does not indicate

---

[1] The Pennsylvania Department of Corrections has an Inmate Grievance System by which an inmate can seek review of any issue relating to his confinement, see DC-ADM 804, Inmate Grievance System Policy, and separate Administrative Custody Procedures that allow an inmate to challenge his/her administrative custody placement, see DC-ADM 802. Holbrook v. Walters, 2004 U.S. Dist. LEXIS 29461, *15-22 (M.D. Pa. 2004) (Vanaskie, J.). See also Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004) (holding that "42 U.S.C. § 1997e(a), enacted as part of the PLRA [Prisoner Litigation Reform Act], provides that a prisoner may not bring a [civil rights] suit with respect to prison conditions 'until such administrative remedies as are available are exhausted'").

4

how long the prisoner was involved in the administrative review process, "it is possible that the tolling of the statute of limitations during that process would make his claims timely" and dismissal is improper. Thomas, 2012 U.S. Dist. LEXIS 45011 at *11-13 (rejecting the magistrate judge's recommendation to dismiss the complaint as time barred); Collins v. DeRose, 2009 U.S. Dist. LEXIS 24883, *7-8 (M.D. Pa. 2009) (Caldwell, J.) (concluding that because the prisoner alleged in his complaints that he filed numerous grievances, it could not be determined whether, or for how long, there was tolling).

The complaint states: "Plaintiff exhausted all available administrative remedies pursuant to the Prison Litigation Reform Act." (Doc. 7, ¶ 174). Plaintiff alleges, inter alia, that on or about April 15, 2010, he spoke with Defendants Kovalcik, Derfler, and Kephart and "discussed the grievances Plaintiff filed." See (Doc. 7, ¶ 30). This indicates that Plaintiff filed grievances before October 2010. The complaint also alleges that on October 7, 2010, Plaintiff "received a response to his Form DC-135 A form", which is the Inmate Request to Staff Form used in the grievance process, and that he had "followed the DOC 804 procedures." (Doc. 7, ¶¶ 34, 39); see also a DC-ADM 804, Section 1(A)(3). It is reasonable to infer from these allegations that because a response to Plaintiff's grievance was received on October 7, 2010, that he likely filed the grievance about events occurring prior to October 2010. Notably too, Defendants do not allege that Plaintiff failed to exhaust administrative remedies. Therefore, without knowing how long each of Plaintiff's grievances were pending, this Court cannot conclude at this time that all events pre-dating October 2010[2] are barred by the statute of limitations.

---

[2]This Court agrees with the Magistrate Judge that the two-year statute of limitations applies to Plaintiff's constitutional claims, see Collins v. DeRose, 2009 U.S. Dist. LEXIS 24883, *6 (M.D. Pa. 2009) (Caldwell, J.) ("Section 1983 claims are analogous to personal injury tort

**Conclusion**

In light of the complaint's allegations that Plaintiff pursued administrative remedies regarding events occurring more than two years before this action was initiated, this Court cannot determine from the face of the complaint how long his grievances were pending and it would be improper to dismiss all claims pre-dating October 2010 as time-barred. This Court finds no clear error in the Magistrate Judge's discussion regarding the balance of Plaintiff's claims. Accordingly, the motion to dismiss will be denied in its entirety. This matter will be remanded to Magistrate Judge Carlson for further proceedings.

A separate Order will be issued.

Date: August 20, 2013

United States District Judge

---

actions and are subject to the state statute of limitations governing such claims", which in Pennsylvania is two years.); however, Plaintiff's RLUIPA claims may be governed by a four-year statute of limitations. See First Korean Church of N.Y., Inc. v. Cheltenham Twp. Zoning Hearing Bd. & Cheltenham Twp., 2012 U.S. Dist. LEXIS 25968, *20-21 (E.D. Pa. 2012) (explaining, "courts have applied the four-year catch-all statute of limitations of 28 U.S.C. § 1658(a) to RLUIPA claims"), affirmed by, 2013 U.S. App. LEXIS 1616 (3d Cir. 2013); Garraway v. Lappin, 2012 U.S. Dist. LEXIS 38712, *9 (M.D. Pa. 2012) (Nealon, J.) (finding that the general four-year period of limitations described in 28 U.S.C. § 1658(a) applies to the Religious Freedom Restoration Act of 1993, but constitutional claims are controlled by Pennsylvania's two-year statute of limitations for personal injury actions), citing Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 379-80 (2004). Accord Williams v. Beard, 2011 U.S. Dist. LEXIS 34310 (M.D. Pa. 2011) (Jones, J.) (applying the two-year statute of limitations to the prisoner's section 1983 complaint, which included claims under the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the RLUIPA).