# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS WASHINGTON-EL, | : | |
| Plaintiff | : | CIVIL NO. 3:12-CV-1979 |
| | : | |
| v. | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE CARLSON) |
| ROBERT COLLINS, ET AL., | : | |
| Defendants | : | |

## MEMORANDUM

On October 3, 2012, Plaintiff, Chris Washington-El, an inmate currently confined at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed a complaint pursuant to the 42 U.S.C. § 1983 based on violations of his Eighth Amendment conditions of confinement right, which allegedly occurred beginning in November of 2009 while he was housed at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"). (Doc. 1). On October 17, 2012,Plaintiff filed an amended complaint against same Defendants. (Doc. 7). The case was referred to Magistrate Judge Martin C. Carlson on January 22, 2013 via verbal order.

On February 4, 2013, Defendants filed a motion to dismiss arguing, inter alia, that Plaintiff failed to exhaust administrative remedies, and that certain claims pre-dating October 2010 were time-barred. (Docs. 18 and 19). On June 29, 2013, Magistrate Judge Martin C. Carlson issued a Report and Recommendation

("R&R"), in which he recommended that Defendants' motion be granted with respect to dismissing the claims that pre-dated October of 2010 because these claims were time-barred, but that the motion to dismiss be denied in all other respects. (Doc. 31). On August 20, 2013, the Undersigned issued a Memorandum and Order ("M&O"), adopting the R&R in part, but denying in its entirety Defendants' motion to dismiss based on the continuing violations doctrine. (Docs. 35 and 36). On September 19, 2013, Defendants filed an Answer to Plaintiff's Amended Complaint. (Doc. 38). Discovery was conducted, and, on March 10, 2014, Defendants filed a motion for summary judgment and supporting brief. (Docs. 54, 55, and 56). On July 16, 2014, Plaintiff filed a brief in opposition to the motion for summary judgment. (Doc. 69). On August 29, 2014, Defendants filed a reply brief. (Doc. 83). On September 26, 2014, after having his motion to file a sur reply brief in opposition to Defendants' reply brief granted, Plaintiff filed a sur reply brief. (Doc. 86). On December 1, 2014, Magistrate Judge Carlson issued an R&R recommending the following: (1) Defendants be entitled to summary judgment on Plaintiff's due process claim set forth in count two (2) of the amended complaint; (2) Defendants be entitled to summary judgment on Plaintiff's RLUIPA claim set forth in count four (4) of the amended complaint; (3) Defendants' summary judgment motion be denied with regards to all other

respects; and (4) the matter be remanded to Magistrate Judge Carlson for purposes of conducting a plenary hearing, and preparing an R&R, on whether Plaintiff exhausted his remaining claims. (Doc. 89, pp. 43-44). Objections were due by December 18, 2014. (Doc. 89). Defendant failed to file objections by this date, and instead, on December 29, 2014 and December 31, 2014, filed two (2) separate motions for an extension of time to file objections, which were subsequently granted. (Docs. 90-92). On January 16, 2015, Defendant filed objections. (Doc. 93). For the reasons set forth below, the objections will be overruled, the R&R will be adopted, counts two (2) and four (4) of Plaintiff's amended complaint will be dismissed with prejudice, and the matter will be remanded to Magistrate Judge Carlson for further proceedings.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. See also Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010)

(explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

Initially, Magistrate Judge Carlson outlines the procedural history of the case. (Doc. 89, pp. 1-2). Further, Magistrate Judge Carlson provides a thorough explanation of the summary judgment standard of review. (Id. at pp. 7-8). Magistrate Judge Carlson also outlines the arguments made by Defendants in their summary judgment motion, in which Defendants assert they are entitled to summary judgment because: (1) Plaintiff failed to exhaust his claims pursuant to the Department of Corrections policy; and (2) Plaintiff's claims are without merit because the facts of record do not offer sufficient support for the claims. (Id. at pp. 2-3). Ultimately, Magistrate Judge Carlson recommends that Defendants' summary judgment motion be granted with respect to counts two (2) and four (4) that involved Plaintiff's due process and RLUIPA claims, respectively, but that the motion be denied with respect to the remaining claims, including the First Amendment retaliation and freedom of religion claims and Eighth Amendment conditions of confinement and denial of medical care claims. (Doc. 89, pp. 4-7,

43-44). Magistrate Judge Carlson stated:

> In contrast to Washington-El's First Amendment and Eighth Amendment claims, we recommend that the Court grant summary judgment in favor of the defendants on the remainder of the claims in the amended complaint, which either fail as a legal matter or fail because there is insufficient evidence to support them. With respect to the plaintiff's claims for monetary damages or injunctive relief under the Religious Land Use and Institutionalized Persons Act, these claims fail either because the relief that Washington-El seeks in unavailable to him, or because the claims have been rendered moot by Washington-El's transfer from SCI-Frackville.
>
> Likewise, Washington-El's claim that his continued administrative custody and RRL classification violated his rights under the Due Process Clause of the Fourteenth Amendment fail. Even assuming that the circumstances surrounding his custody level trigger due process rights, Washington-El has failed to come forward with sufficient evidence to challenge the defendants' substantial showing that he was provided regular reviews by the Program Review Committee at SCI-Frackville, and that the basis for maintaining Washington-El's status on the RRL was supported and made after an individualized consideration of the appropriate custodial placement for this inmate. Washington-El's claim that these reviews were perfunctory or conducted in a manner that Washington-El found lacking is insufficient to create a genuine issue of fact requiring trial.

(Doc. 89, pp. 6-7).

Plaintiff does not object to the R&R's recommendation that his RLUIPA claims are moot. Therefore, after review, and in the absence of objections, the

R&R's recommendation that Plaintiff's RLUIPA claims are moot is adopted.

With respect to the R&R's recommendation that summary judgment be granted in Defendants' favor with respect to the due process claim, Plaintiff objects to this recommendation. (Doc. 93, pp. 2-8). He argues that summary judgment should not be granted regarding the due process claim because: (1) SCI-Frackville did not follow the proper procedure outlined in DC-ADM 802 of the Administrative Procedures Manual due to Program Review Committee's ("PRC") failure to document the reason for continued detention in administrative custody ("AC") and it's failure to provide Plaintiff with a rebuttal opportunity; and (2) the "some evidence" standard for continued AC was not met because being classified as an escape risk while housed at SCI-Graterford in 2006 did not warrant, years later at SCI-Frackville, that he be placed on the Restricted Release List ("RRL") and subsequently housed in AC. (Id.). He also asserts that Defendants admitted that the policy of the Department of Corrections ("DOC") with respect to the escape risk prisoners was to house them in the general population, not in solitary confinement, and that thirty-eight (38) people on the RRL were housed in general population. (Id. at 5, 21-23). He argues that while the R&R states that the record shows that the PRC held regular reviews of Plaintiff's custody status, the R&R did not identify what the prison's rationale was for his continued solitary confinement

6

nor did the R&R identify documents that contain this information. (Doc. 93, p. 7).

In turning to the R&R's analysis of this due process claim, Magistrate Judge Carlson properly sets forth the procedures to be followed under DC-ADM 802, which addresses policy to be followed for a prisoner confined in AC. (Doc. 89, pp. 35-37). This policy states that the DOC must provide a prisoner continually confined in AC with the reasons for this continued confinement, and Plaintiff must be afforded the opportunity to rebut the detention. (Id.).

Magistrate Judge Carlson also properly defines the conditions under which an inmate held in AC may be placed on the RRL. (Id. at 37-38). The Magistrate Judge then discusses how a non-RRL member is released from AC custody into the general population upon approval of the Superintendent, but that an RRL prisoner can only be released into the general population upon approval of the Secretary of Corrections or his or her designee. (Id. at 38-39). The R&R notes that evidence in the record states that Plaintiff was placed on the RRL list prior to his transfer from SCI-Graterford to SCI-Frackville due to a suspected escape. (Id. at 39).

Ultimately, based on precedent from the United States Court of Appeals for the Third Circuit in Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000), Magistrate Judge Carlson concluded that Plaintiff's due process rights were not violated

7

because "[D]efendants in this case have submitted substantial documentation to show that [Plaintiff's] [continued AC] custody was reviewed monthly by the PRC and the Superintendent at SCI-Frackville, and that he had numerous opportunities to present his views to the PRC and to the Superintendent, which he did regularly, and that he exercised his rights to appeal." (Doc. 89, pp. 41-42).

Upon review of the R&R, and in consideration of Plaintiff's objection, it is determined that the minimal due process requirements for Plaintiff's continued confinement in AC, as discussed in Shoats, were met in accordance with DC-ADM 802, and that Defendants have presented extensive evidence that this policy was followed. See (Doc. 57, Ex. N, O, P). As such, Plaintiff's objection will be overruled, and the R&R's recommendation that summary judgment be granted in Defendants' favor with respect to the Fourteenth Amendment due process claim will be adopted.

In his final objection, Plaintiff argues that the R&R's recommendation that this Court permit Plaintiff to "re-litigate the case" is in error. (Doc. 93, pp. 10-12). Plaintiff has misconstrued the R&R's recommendation, which was that, with the exception of the due process claim found in count two (2) and the RLUIPA claim found in count four (4), summary judgment be denied on the remaining First Amendment retaliation and freedom of religion claims and Eighth Amendment

8

conditions of confinement and denial of medical care claims, and they therefore be permitted to proceed.  (Doc. 89, p. 4-6).  There is no "second bite at the apple" as Plaintiff is claiming; rather, the R&R simply recommended that these claims be permitted to proceed.  (Id.).  Simply because the R&R recommended that summary judgment be denied on the remaining claims does not mean that these claims were litigated; rather, it means that these claims survived summary judgment and will proceed on their merits.  These claims have not yet been litigated, and, therefore, Defendant's objection to the R&R's recommendation that the remaining claims be permitted to proceed will be overruled, and the recommendation of the R&R that all claims except counts two (2) and four (4) be permitted to proceed will be adopted.

**Conclusion**

After review of the R&R, and in consideration of Plaintiff's objections, for the reasons discussed herein, Plaintiff's objections will be overruled, and the R&R will be adopted.  The matter will be remanded to Magistrate Judge Martin C. Carlson for further proceedings, including a plenary hearing on the question of whether exhaustion of Plaintiff's remaining claims occurred.

A separate Order will be issued.

Date: March 10, 2015

/s/ **William J. Nealon**
**United States District Judge**